## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| DALLAS J. HARTLEY, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  2:20-CV-250-DCLC-CRW |
| CARTER COUNTY, DEXTER LUNSFORD, MICHAEL MURRY, SOUTHERN HEALTH PARTNERS, CARTER COUNTY SHERIFF'S OFFICE, MELINDA MURRY, MATTHEW KEIBLER, ASHLEY RYMER, SAMANTHA MANEY, and CENTURION OF TENNESSEE, L.L.C., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner proceeding pro se, has filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants have denied him constitutionally adequate medical care [Doc. 1], and a motion seeking to proceed *in forma pauperis* in this action [Doc. 4]. The Court will address Plaintiff's motion prior to screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion that he lacks sufficient financial resources to pay the filing fee in this action. Accordingly, pursuant to 28 U.S.C. § 1915, his motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**.

Because Plaintiff is an inmate in the Northwest Correctional Complex, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200,

Greeneville, Tennessee 37743 as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.     SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### III. ALLEGATIONS OF THE COMPLAINT

In November 2020, Plaintiff filed the instant suit alleging that the Carter County Sheriff's Office; its medical contractor, Southern Health Partners, Inc. ("SHP"); Centurion of Tennessee, L.L.C.; and various employees of each entity denied him surgery to repair a hernia [Doc. 1]. Alleging violations of constitutional and State law, Plaintiff contends that Defendants denied him necessary surgery in order to maximize profits [*Id.*]. Plaintiff, who is **not** currently housed at the Carter County Detention Center, maintains that these customs were prevalent "[p]rior to May 2018" [Doc. 1 p. 11].

### IV. ANALYSIS

Although Plaintiff's complaint is vague as to time frames, the Court notes that Plaintiff previously made similar allegations in a lawsuit filed in this Court, *Hartley v. Southern Health Partners*, No. 2:17-CV-199-DCLC-CRW. In that suit, filed on or about October 30, 2017, Plaintiff

3

alleged that Southern Health Partners and Carter County denied him medically necessary surgery for a hernia [Doc. 1 in No. 2:17-CV-199]. The case survived screening but was dismissed on summary judgment, with the Court finding in favor of Defendants [Doc. 74 in No. 2:17-CV-199]. Plaintiff appealed, and the Sixth Circuit found that his appeal lacked an arguable basis in law and ordered him to pay the appellate filing fee [*See* Doc. 80 in No. 2:17-CV-199]. Plaintiff failed to pay the appellate filing fee, and the appeal was dismissed for want of prosecution in September 2020 [Doc. 81 in No. 2:17-CV-199]. The instant suit followed in November 2020 [*See* Doc. 1].

The Court finds that the doctrine of res judicata informs its judgment in this case. The doctrine prevents "the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and from litigating piecemeal the same controversy." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). The doctrine consists of two related concepts: claim preclusion and issue preclusion. *Taylor v. Reynolds*, 22 F. App'x 537, 538-39 (6th Cir. No. 8, 2001); *see also Baker v. Gen. Motors Corp.*, 522 U.S. 222, 233 n.5 (1998).

> Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented. Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation.

*Taylor*, 22 F. App'x at 538-39 (internal citation and citation omitted); *see also, e.g., Doe ex rel. Doe v. Jackson Local Schools School Dist.*, 422 F. App'x 497, 500 (6th Cir. 2011) (noting that claim preclusion requires "(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous

4

action") (citation omitted); *Vincent v. Warren Cty.*, Ky, 629 F. App'x 735, 740 (6th Cir. 2015) (noting that, for issue preclusion to apply, "the issue raised in the second case must have been raised, actually litigated and decided, and necessary to the court's judgment in the first case").

The instant lawsuit complains of Defendants' failure to treat his hernia while he was housed at the Carter County Detention Facility, which is the same complaint that was previously adjudicated by the Court. Accordingly, the instant lawsuit is, in substance, the same as the one previously dismissed, and the doctrine of res judicata bars this action.

Moreover, even if res judicata did not bar Plaintiff's complaint, it would be time-barred by the applicable statute of limitations. Federal district courts apply the State's statute of limitations for personal injury actions in proceedings arising under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See* Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). While Plaintiff's complaint fails to identify the date of the alleged mistreatment by Defendants, it is clear from the duplicative claim in his 2017 lawsuit that it occurred more than one year prior to the filing of the instant suit in November 2020 [*See* Doc. 1]. Therefore, the complaint is otherwise properly dismissed as time barred.

Accordingly, Plaintiff's complaint will be **DISMISSED** as frivolous and for failure to state a claim upon which relief may be granted.

## V. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Plaintiff has failed to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

                                                s/Clifton L. Corker
                                                United States District Judge