# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| DALLAS J. HARTLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.     2:20-CV-250-DCLC-CRW |
| | ) | |
| CARTER COUNTY, DEXTER | ) | |
| LUNSFORD, MICHAEL MURRY, | ) | |
| SOUTHERN HEALTH PARTNERS, | ) | |
| CARTER COUNTY SHERIFF'S OFFICE, | ) | |
| MELINDA MURRY, MATTHEW | ) | |
| KEIBLER, ASHLEY RYMER, | ) | |
| SAMANTHA MANEY, and | ) | |
| CENTURION OF TENNESSEE, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Dallas J. Hartley, Jr.'s "Opposition or Dispute Against Court's Judg[]ment Order," which opposes the Court's December 1, 2020 dismissal of his pro se prisoner's civil rights action for violation of 42 U.S.C. § 1983 [Doc. 7].

## I.     LEGAL STANDARD

Plaintiff's challenge to the dismissal of his § 1983 action is essentially a motion seeking reconsideration of the Court's judgment.  While the Federal Rules of Civil Procedure do not provide for motions for reconsideration, "a motion with that title that is filed within 28 days [after judgment] can be construed as a motion to alter or amend the judgment under Rule 59(e), and one that is filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)." *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013).

Plaintiff filed the instant motion on or about January 5, 2021, more than 28 days following

the entry of judgment in this matter [*See* Doc. 7 p. 3, envelope postmark date]. Accordingly, the

Court construes Plaintiff's motion as arising under Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides enumerated grounds that allow a court to relieve a party from operation

of a final judgment or order. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004)

("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are

within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.").

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been
> discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier
> judgment that has been reversed or vacated; or applying it prospectively is no longer
> equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) does not allow a defeated litigant a second chance to convince

the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler*

*v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381,

385 (6th Cir. 2001)). Neither is it "a substitute for, nor a supplement to, an appeal." *GenCorp,*

*Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citation omitted).

## II.     DISCUSSION

In rendering judgment in this matter, the Court found Plaintiff's complaint barred by the

doctrine of res judicata and, alternatively, time-barred [*See* Doc. 5]. In the instant motion, Plaintiff

requests an extension of time to litigate this matter, claiming that he has "new evidence" that will

2

prove his case of medical negligence. However, Plaintiff does not attempt to identify this "new evidence" or demonstrate how the evidence would alter the Court's determination that this issue has been previously litigated and is otherwise time-barred. Additionally, Plaintiff complains of new evidence of negligence, but allegations of negligence will not sustain a suit under § 1983. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding complaint that doctor was negligent in diagnosis or treatment does not state valid claim under Eighth Amendment). Accordingly, Plaintiff has not presented the Court with grounds to grant Rule 60 relief.

## III. CONCLUSION

For the reasons as set forth above, Plaintiff's motion provides no basis for Rule 60(b) relief, and the instant motion [Doc. 7] is **DENIED**.

**SO ORDERED.**

**ENTER:**

s/Clifton L. Corker
United States District Judge

3