UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DALLAS J. HARTLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-CV-250-DCLC-CRW |
| ) | |
| CARTER COUNTY, DEXTER ) | |
| LUNSFORD, MICHAEL MURRY, ) | |
| SOUTHERN HEALTH PARTNERS, ) | |
| CARTER COUNTY SHERIFF'S OFFICE, ) | |
| MELINDA MURRY, MATTHEW ) | |
| KEIBLER, ASHLEY RYMER, ) | |
| SAMANTHA MANEY, and ) | |
| CENTURION OF TENNESSEE, L.L.C., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Dallas J. Hartley, Jr., has filed a "Opposition of Memorandum and Order" opposing the Court's December 1, 2020 dismissal of his pro se prisoner's civil rights action for violation of 42 U.S.C. § 1983 [Doc. 9]. This is Plaintiff's second post-judgment motion opposing the judgment [*See* Docs. 7 and 9].

I. **LEGAL STANDARD**

Plaintiff's challenge to the dismissal of his § 1983 action is essentially a motion seeking reconsideration of the Court's judgment. While the Federal Rules of Civil Procedure do not provide for motions for reconsideration, "a motion with that title that is filed within 28 days [after judgment] can be construed as a motion to alter or amend the judgment under Rule 59(e), and one that is filed after 28 days can be construed as a motion for relief from judgment under Rule 60(b)." *In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013).

Plaintiff filed the instant motion on or about February 19, 2021, more than 28 days following the entry of judgment in this matter [*See* Doc. 9 p. 4, envelope postmark date]. Accordingly, the Court construes Plaintiff's motion as arising under Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides enumerated grounds that allow a court to relieve a party from operation of a final judgment or order. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). Neither is it "a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007) (citation omitted).

II.  DISCUSSION

In rendering judgment in this matter, the Court found Plaintiff's complaint barred by the doctrine of res judicata and, alternatively, time barred [*See* Docs. 5 and 6]. In the instant motion,

Plaintiff requests an extension of time to litigate this matter, claiming that he has "new evidence" that will prove his case of medical negligence. First, this case has already been dismissed. Second, as the Court has previously noted, allegations of negligence will not sustain a suit under § 1983. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding complaint that doctor was negligent in diagnosis or treatment does not state valid claim under Eighth Amendment).

Moreover, in the instant motion, Plaintiff asserts that his "response was not late because he did not receive the Dec[ember] 2020 mail until the 8th day of Dec[ember][,] and Plaintiff['s] Response was mailed out before the 5th day of Jan[uary] 2021" [Doc. 9 p. 2]. It is unclear to the Court whether this is an argument in support of Plaintiff's initial motion for reconsideration, or if it is offered to excuse the untimely filing of the complaint. Regardless, the Court did consider Plaintiff's initial Rule 60 motion on its merits and found it failed to offer a basis for relief [Doc. 8]. Additionally, the Court found Plaintiff's complaint time barred because it was not filed within one year of the date of injury allegedly inflicted by Defendants in 2017 [Doc. 5 p. 5]. Nothing in the instant motion alters either of those conclusions, and the Court finds that Plaintiff has failed to present it with grounds to warrant Rule 60 relief.

### III. CONCLUSION

For the reasons as set forth above, Plaintiff's motion provides no basis for Rule 60(b) relief, and the instant motion [Doc. 9] is **DENIED**.

**SO ORDERED.**

**ENTER:**

                                          **s/**Clifton L. Corker
                                          United States District Judge